NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1499

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01742-LAS, Senior Judge Loren A. Smith.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Arthur Lopez appeals from the judgment of the United States Court of Federal Claims dismissing his case for lack of jurisdiction.  For the reasons provided herein, we grant the United States's motion to summarily affirm.

The present litigation, wherein Mr. Lopez alleges collusion between the United States and the owner and associated entities of the Irvine Company LLC, followed

previous litigation in federal district court in which Mr. Lopez had alleged Irvine and its associated apartment buildings in Newport Beach, California discriminated against him; violated the Fair Housing Act; and committed unfair business practices arising out of the termination of his lease. *See Lopez v. Irvine Company LLC*, No. 8:18-cv-00093 (C.D. Cal. June 4, 2018), Dkt. No. 25.

Several years after the district court dismissed Mr. Lopez's complaint and the United States Court of Appeals for the Ninth Circuit dismissed his appeal, Mr. Lopez brought this suit in the Court of Federal Claims, alleging that the United States "stalked Plaintiff to Harass to the point of Taking his asset(s) property-claims related to the Irvine Company for their standard operating of discrimination, segregation, fraud and more unlawfulness that led to depriving Plaintiff of Newport Beach Housing;" including creating "delays[,] distractions[,] and impediments" to his "legal research" and engaging in various criminal activities, including entrapment. ECF No. 3 at 10–17. He also asked to "take judicial notice that the Social Security Department has participated in these Takings schemes against Plaintiff having deprived Social Security Disability Benefits for many years[.]" *Id.* at 18. The Court of Federal Claims granted the government's motion to dismiss the complaint for lack of jurisdiction. This appeal followed.

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). It also expressly omits from the Court of Federal Claims's jurisdiction claims that "sound[] in tort." § 1491(a)(1). Moreover, consistent with its "gap-filling role," the Tucker Act does not apply in those circumstances in which Congress has provided "a precisely drawn, detailed statute" that

"contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12–13 (2012).

Here, the Court of Federal Claims determined that it did not have jurisdiction to hear Mr. Lopez's claims. We find that summary affirmance is appropriate because that court's determination is so clearly correct. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Mr. Lopez's claims of harassment, stalking, and interference with his efforts to sue the Irvine Company sound in tort and thus lie outside the Court of Federal Claims's jurisdiction. "We have also previously informed Mr. Lopez that the Court of Federal Claims'[s] jurisdiction under the Tucker Act does not extend to claims for social security benefits," *Lopez v. United States*, No. 24-1860, 2025 WL 685917, at *2 (Fed. Cir. Mar. 4, 2025) (citing *Lopez v. United States*, No. 23-1522, 2023 WL 7096921, at *1 (Fed. Cir. Oct. 27, 2023)); *see Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990), or "criminal actions and suits," *Lopez*, 2025 WL 685917, at *2; *see Joshua*, 17 F.3d at 379.

We have considered Mr. Lopez's arguments in opposition to summary affirmance and find them unpersuasive. Mr. Lopez asserts that he "has uncovered . . . very significant 'conflict of interest' Standard Operating Procedures within the Trial Court" that includes "the repeated occurrence of assigning bias judicial officers to [his] cases," ECF No. 11-1 at 3, and alleges that the trial judge's denial of his request to recuse was an "apparent retaliatory act [that] also negated [his] request for leave to amend complaint to possibly add legal theor[ie]s, facts, claims." *Id.* at 4. But, as this court previously explained to Mr. Lopez, to show "that judicial bias during the proceedings deprived him of due process [he] must show a deep-seated favoritism or antagonism that would make fair judgment impossible." *Lopez*, 2025 WL 685917, at *2 (internal quotation marks and citation omitted). As with his prior similar attempts, here again, he "has not satisfied this requirement," as "[h]is accusations are purely speculative." *Id.*

4                                                           LOPEZ v. US

Accordingly,

IT IS ORDERED THAT:

(1)  The United States's motion is granted.  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 16, 2025
Date